**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:25-cv-25231-DPG/DSW

SALLY MATHIS BROWN,
Plaintiff,
v.
COSTCO WHOLESALE CORPORATION,
Defendant.

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff, SALLY MATHIS BROWN, by and through undersigned counsel and pursuant to the Court's July 8, 2026 Order [DE 30], sues Defendant, COSTCO WHOLESALE CORPORATION, and alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. This is an action for damages that exceed the sum of $75,000, exclusive of interest and costs.
2. Plaintiff, SALLY MATHIS BROWN ("Plaintiff" or "Ms. Brown"), is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.
3. Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), is a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington, and is therefore a citizen of the State of Washington. At all times material, Costco operated a membership warehouse located at 14800 Sole Mia Way, North Miami, Florida 33181 (the "North Miami warehouse").
4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest

and costs. This action was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and was removed to this Court by Defendant.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Miami-Dade County, Florida, within this District.

6. All conditions precedent to the institution of this action have been performed, have occurred, or have been waived.

7. On January 7, 2025, the day after the incident described below, Plaintiff's counsel sent Costco, by certified mail directed to the North Miami warehouse to the attention of Risk Management, a written notice of claim and preservation demand directing Costco to preserve all photographic, video, and other evidence relating to the incident, including video footage from all cameras for the entire day of January 6, 2025. Costco's third-party claims administrator acknowledged receipt of that notice in writing.

## FACTS COMMON TO ALL COUNTS

8. On January 6, 2025, Ms. Brown was lawfully present at the North Miami warehouse as a business invitee. Ms. Brown, a nurse's aide, was accompanying an elderly patient who was shopping there.

9. The North Miami warehouse contains a food court with a food service window. Directly adjoining the food service window is an area where patrons obtain condiments, napkins, flatware, and related items (the "condiment area"). The condiment area is visited by a continuous flow of patrons who have just purchased food and beverages.

10. At approximately 2:30 p.m., after obtaining food at the food service window and dressing two hot dogs at the condiment counter, Ms. Brown turned to walk back to her table and slipped

in a liquid substance that had been left standing on the floor of the condiment area. Her legs slid out from under her into a split, and she fell to the concrete floor.

11. The liquid had been on the floor of the condiment area for an extended period before Ms. Brown fell. An independent eyewitness, seated with a direct view of the condiment area, first noticed the spill while walking into the food court before ordering his food, and observed it continuously for approximately fifteen to twenty minutes before Ms. Brown fell.

12. During that period, the spill was dirty and grayish in appearance and bore visible footprints and shopping-cart wheel tracks leading away from it, left by patrons who had walked or pushed carts through the liquid. Multiple patrons visibly noticed the liquid and altered their paths to walk around it; at least one nearly fell.

13. At no time before Ms. Brown's fall did any Costco employee inspect the condiment area, place any warning sign or cone, rope off the area, or otherwise address the spill. No warning signs or placards of any kind were present.

14. Costco's records reflect that a floor walk of the area concluded at approximately 2:22 p.m., minutes before the fall, without the spill being remedied, and that the next floor walk did not begin until approximately 2:38 p.m., after Ms. Brown had already fallen.

15. The floor of the condiment area where Ms. Brown fell is smooth, unpolished, untextured concrete. By contrast, the floor area directly in front of the adjacent soda fountain machines and beverage vending machines is surfaced with a textured, slip-resistant material designed to remain safe when wet. The condiment area — which patrons visit in conjunction with and immediately after the soda fountain area, and in which beverages and liquids are foreseeably carried, spilled, and tracked — has no such slip-resistant surface, design, or construction.

16. Spills and standing liquid occurred in and about the food court and condiment area of the North Miami warehouse with regularity. In the approximately seventeen months preceding

Ms. Brown's fall, at least four other patrons slipped and fell on liquid in the same food court area, including: Jeanette Vincent (August 18, 2023; clear liquid by the soda fountain); Oscar Garcia (October 26, 2023; liquid near the soda machine); Michelle Darling (liquid in the soda fountain area); and Jose Laguerte (liquid in the food court area). Costco's own corporate representative identified each of these prior incidents by name from Costco's records.

17. As a direct result of her fall, Ms. Brown sustained severe and permanent injuries, including injuries to her back and spine requiring surgical intervention including discectomy, and permanent nerve damage to her legs and feet. She was unable to rise from the floor and was removed by paramedics on a stretcher.

**COUNT I — NEGLIGENCE: TRANSITORY FOREIGN SUBSTANCE**

Plaintiff re-alleges and incorporates paragraphs 1 through 16 above as if fully set forth herein, and further alleges:

18. At all times material, Costco, as the entity in possession and control of the North Miami warehouse, owed Ms. Brown, a business invitee, a duty to maintain its premises in a reasonably safe condition, a duty to correct dangerous conditions of which it had actual or constructive knowledge, and a duty to warn of dangerous conditions of which it had or should have had knowledge superior to hers.

19. Costco had actual or constructive knowledge of the liquid on the floor of the condiment area, within the meaning of section 768.0755(1), Florida Statutes.

20. Costco had constructive knowledge because the dangerous condition existed for such a length of time — approximately fifteen to twenty minutes, during a busy lunch period, in a high-traffic area steps from the food service window — that in the exercise of ordinary care Costco

should have known of it. Fla. Stat. § 768.0755(1)(a). The duration of the spill is evidenced by, among other things, its dirty and tracked-through appearance, the footprints and cart tracks leading away from it, and the observations of the independent eyewitness who watched the spill for fifteen to twenty minutes before the fall.

21. Costco separately had constructive knowledge because spills and standing liquid in the food court and condiment area occurred with regularity and were therefore foreseeable. Fla. Stat. § 768.0755(1)(b). At least four other patrons slipped and fell on liquid in the same area in the seventeen months preceding Ms. Brown's fall, as alleged in paragraph 15 above.

22. Notwithstanding its actual or constructive knowledge, Costco breached its duties to Ms. Brown by failing to remedy the dangerous condition within a reasonable time; failing to perform reasonable and timely inspections of the condiment area; failing to warn Ms. Brown of the dangerous condition by sign, cone, barricade, or personnel; and failing to take any action whatsoever to address a spill that sat, visibly tracked through, in one of the busiest areas of its warehouse for fifteen to twenty minutes.

23. As a direct and proximate result of Costco's breach, Ms. Brown slipped, fell, and suffered the injuries and damages described below.

WHEREFORE, Plaintiff, SALLY MATHIS BROWN, demands judgment against Defendant, COSTCO WHOLESALE CORPORATION, for compensatory damages, costs, and such further relief as the Court deems just and proper, and demands trial by jury of all issues so triable.

## COUNT II — NEGLIGENCE: DANGEROUS PERMANENT CONDITION OF THE PREMISES

Plaintiff re-alleges and incorporates paragraphs 1 through 16 above as if fully set forth herein, and further alleges:

24. This Count is pleaded under the common-law duty of care owed by a possessor of business premises, which is expressly preserved by section 768.0755(2), Florida Statutes ("This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises."). This Count does not depend upon Costco's knowledge of the particular spill in which Ms. Brown slipped; it addresses a dangerous permanent condition of the premises themselves.

25. At all times material, Costco owed Ms. Brown a duty to use reasonable care in the design, construction, surfacing, and maintenance of the food court and condiment area so that those areas would be reasonably safe for their intended and foreseeable uses.

26. The condiment area's intended and foreseeable use is the handling of food and beverages by a continuous stream of patrons. It was reasonably foreseeable — indeed, certain — that beverages and other liquids would regularly be carried through, spilled in, and tracked across the condiment area.

27. Costco recognized precisely this risk in the immediately adjacent area: the floor directly in front of the soda fountain and beverage vending machines is surfaced with textured, slip-resistant material designed to remain safe when wet. Yet the condiment area — subject to the same foreseeable presence of liquid, visited by the same patrons in the same course of obtaining and dressing their food — was left as smooth, untextured, unpolished concrete with no slip-resistant surface, treatment, or design.

28. The smooth concrete surface of the condiment area, in a location where liquid was foreseeably and regularly present, constituted a dangerous condition of the premises that rendered the area unreasonably unsafe for its intended use when wet.

29. Costco breached its duty of reasonable care by designing, constructing, surfacing, and maintaining the condiment area without slip-resistant flooring or treatment; by failing to extend to the condiment area the same slip-resistant surfacing it installed in the immediately adjacent beverage area; and by failing to remedy this dangerous permanent condition despite its knowledge, from at least four prior slip-and-fall incidents in the same area, that patrons were falling on liquid on this very floor.

30. As a direct and proximate result of Costco's breach, Ms. Brown — traversing the smooth concrete of the condiment area in the foreseeable presence of liquid — slipped, fell, and suffered the injuries and damages described below.

WHEREFORE, Plaintiff, SALLY MATHIS BROWN, demands judgment against Defendant, COSTCO WHOLESALE CORPORATION, for compensatory damages, costs, and such further relief as the Court deems just and proper, and demands trial by jury of all issues so triable.

## **COUNT III — NEGLIGENT FAILURE TO MAINTAIN ADEQUATE INSPECTION AND SAFETY PROCEDURES**

Plaintiff re-alleges and incorporates paragraphs 1 through 16 above as if fully set forth herein, and further alleges:

31. This Count is pleaded under the common-law duty of care preserved by section 768.0755(2), Florida Statutes.

32. At all times material, Costco owed Ms. Brown a duty to exercise reasonable care to maintain, implement, and enforce inspection and safety procedures adequate to discover and remedy foreseeable dangerous conditions in the food court and condiment area within a reasonable time, commensurate with the known and foreseeable risks of that area.

33. The food court and condiment area presented a known, elevated risk of liquid on the floor: it is a high-traffic area in which patrons continuously carry open beverages and food, liquid spills occurred there with regularity, and at least four patrons had slipped and fallen on liquid in the same area in the preceding seventeen months.

34. Costco breached its duty by failing to maintain, implement, and enforce inspection and safety procedures reasonably calculated to discover and remedy spills in the food court within a reasonable time; by conducting floor walks at intervals inadequate to the known risk of the area, such that a visibly dirty, tracked-through spill sat in the condiment area for fifteen to twenty minutes during a busy lunch period without discovery or remedy; by failing adequately to train and supervise its employees regarding the inspection of the food court area and the prompt discovery, warning, and remediation of spills; and by failing to enforce such procedures as existed.

35. As a direct and proximate result of Costco's breach, the spill in which Ms. Brown slipped remained on the floor undiscovered and unremedied, and Ms. Brown slipped, fell, and suffered the injuries and damages described below.

WHEREFORE, Plaintiff, SALLY MATHIS BROWN, demands judgment against Defendant, COSTCO WHOLESALE CORPORATION, for compensatory damages, costs, and such further relief as the Court deems just and proper, and demands trial by jury of all issues so triable.

**DAMAGES (APPLICABLE TO ALL COUNTS)**

36. As a direct and proximate result of Costco's negligence as alleged in each Count above, Ms. Brown suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; incurred expenses of hospitalization, medical and nursing care and treatment, including spinal surgery; sustained permanent nerve damage to her legs and feet; lost earnings and suffered the loss of the ability to earn money, including the loss of her livelihood as a nurse's aide; and will continue to suffer such losses in the future, as her injuries are permanent and continuing in nature.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: July 27, 2026.

Respectfully submitted,
**THE PREGEN FIRM, PLLC**
Counsel for Plaintiff
500 East Broward Boulevard, Suite 900
Fort Lauderdale, Florida 33394
Tel: (954) 712-7416
ari@thepregenfirm.com

By: /s/ Ari G. Pregen______________
Ari G. Pregen, Esq.
Florida Bar No. 94041

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record.

/s/ Ari G. Pregen______________
Ari G. Pregen, Esq.