**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-CV-25231-DPG/DSW**

**SALLY MATHIS BROWN,**

**Plaintiff,**

**v.**

**COSTCO WHOLESALE CORPORATION,**

**Defendant.**

_____________________________________________/

**ORDER ON PLAINTIFF'S ORE TENUS MOTION TO COMPEL**

**THIS CAUSE** is before the Court on Plaintiff's Ore Tenus Motion to Compel the incident report of Blanca White, four incident photographs, and a Rule 34 inspection of the surveillance camera system by Plaintiff ("Motion") [ECF No. 48]. For the reasons stated below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

The Motion is **DENIED** as to Plaintiff's motion to compel the incident report of Blanca White and the four incident photos. "Documents are prepared in anticipation of litigation, and consequently protected by the work product doctrine, if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Goosby v. Branch Banking & Tr. Co.*, 309 F. Supp. 3d 1223, 1233 (S.D. Fla. 2018). "[E]ven if a document has some purpose within the ordinary course of business, the document is protected as work product if it is substantially infused with litigation purpose." *Id.* Here, the report and four photographs were prepared for Costco's internal claims handling process and for review by Costco personnel to evaluate and respond to claims arising from reported customer injuries. *See* Affidavit of Blanca White. While the report and

photographs were prepared in the ordinary course of business, Costco also prepared these documents in anticipation of litigation. These documents are therefore protected by the work product doctrine.

The Motion is **GRANTED** as to Plaintiff's motion to compel a Rule 34 inspection of the surveillance camera system, subject to the following: The inspection shall take place at a mutual agreed upon date and time within **eighteen (18) days** of this Order. The inspection shall take place outside of normal business hours for the safety of customers and to avoid interruption of Defendant's business operations, as established by the Affidavit of Fernando Lopez. Within **seven (7) days** of this Order, Plaintiff shall identify any equipment, tools, or machinery that she will bring onto the premises to conduct the inspection. Plaintiff shall bear the cost of the inspection and shall be responsible for any damage caused to Defendant's premises as a result of the inspection. Plaintiff may not physically manipulate, modify, or alter any camera, nor may Plaintiff remove the protective housing of any dome camera in connection with the inspection.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on the 24th of August 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record